**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Raymond G. Marbury

    v.                          Civil No. 12-cv-339-JL

Strafford County Department
of Corrections Medical Department


## REPORT AND RECOMMENDATION


Raymond G. Marbury has filed a complaint (doc. no. 1) and addenda to the complaint (doc. nos. 5, 7, 12-14, and 22), asserting that his right to receive adequate medical care was violated while he was an inmate at the Strafford County House of Corrections ("SCHC").  The matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief could be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).


### Standard for Preliminary Review

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the

district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Marbury was incarcerated at the SCHC, first as a federal pretrial detainee and then as a convicted inmate, from early August 2011 until late April 2012.  Marbury asserts that while

he was at the SCHC, he was afflicted by medical problems, some of which predated his incarceration at the SCHC, including: high blood pressure; congestive heart failure; back and leg pain; ringing in his ears; "hearing things"; and memory impairment.

Upon his arrival at the SCHC and thereafter, Marbury complained to SCHC medical personnel that he had severe back and leg pain requiring treatment.  The SCHC medical department was then in possession of Marbury's medical records from the jail where Marbury was incarcerated before being transferred to the SCHC.  Those records included documentation of Marbury's high blood pressure, high cholesterol, and pain complaints, as well as the medications he had been provided to treat those conditions.  Marbury addended to his complaint SCHC medical records indicating that the SCHC medical department provided him with those medications.  The SCHC medical records Marbury provided to the court indicate that Marbury was not always compliant with taking the blood pressure and pain medication offered to him.  The medical records further indicate that medical personnel were instructed to take his blood pressure regularly, as it was consistently high during his SCHC incarceration, and to remind Marbury to take his blood pressure medication twice a day, as Marbury has memory impairment.

At the SCHC, Marbury also complained of "ringing in his ears," and "hearing things."  Marbury was seen by a nurse practitioner at the SCHC on September 13, 2011, for these conditions.  The nurse practitioner ordered blood tests and a change in his medication to see if it would alleviate those issues, but Marbury refused to have his blood drawn.

On February 24, 2012, Marbury saw SCHC physician Dr. Donnelly for ringing in his ears and high blood pressure. Finding nothing wrong with Marbury's ears, Dr. Donnelly indicated that he would seek approval (presumably from SCHC administrative officials) for an audiology evaluation.  It does not appear that the evaluation was done, although the complaint does not provide sufficient facts to allow this court to infer that SCHC officials specifically denied a request for an audiology evaluation, or failed to schedule such an evaluation.

On April 4, 2012, Marbury was given the opportunity to see SCHC physician Dr. Donnelly again, but refused, stating that he needed to see "a body specialist," rather than a doctor.  When medical personnel contacted the SCHC mental health department in April 2012 to have Marbury evaluated, Marbury refused the

evaluation.  Marbury also refused a number of blood pressure checks in April 2012.[1]

**Discussion**

I.  <u>Medical Care</u>

Marbury alleges that his rights were violated by the failure of SCHC officials to provide him with adequate care for his pain, his heart-related issues, and his tinnitus.  During the time he alleges his rights were violated, Marbury was, at first, a pretrial detainee (August 5, 2011 – January 12, 2012), and then a convicted inmate (January 12, 2012 – April 26, 2012).[2]  That change in his status does not alter the legal standard applicable to his claims, however, as "the standard applied under the Fourteenth Amendment governing the [inadequate medical care] claims of pretrial detainees is the same as the Eighth

---

[1]Four of Marbury's complaint addenda (doc. nos. 12-14 and 22) concern treatment Marbury received after he left the SCHC.  Marbury asserts claims only against the SCHC and its employees.  The court has carefully reviewed the addenda and, although they indicate that Marbury received medical treatment in a federal prison and in the community after he left the SCHC, the assertions in those addenda do not bear any relevance to the determination of the adequacy of Marbury's treatment at the SCHC.

[2]According to the court docket in Marbury's criminal case in this court, <u>United States v. Marbury</u>, 10-cr-173-SM, he was detained pretrial at the SCHC until January 12, 2012, when he pleaded guilty to five criminal charges.  Marbury was then held at the SCHC as a convicted inmate until his sentencing hearing on April 26, 2012.

Amendment standard governing the claims of convicted inmates."
Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 n. 21 (1st
Cir. 2011) (quoting Ruiz-Rosa v. Rullán, 485 F.3d 150, 155 (1st
Cir. 2007)) (alterations omitted).  In order to state a
constitutional claim for the denial of medical care under either
the Eighth or Fourteenth Amendment, an inmate must allege that
defendants have committed "acts or omissions . . . sufficiently
harmful to evidence deliberate indifference to serious medical
needs."  Leavitt, 645 F.3d at 497 (internal quotation marks and
citation omitted).  In making such a claim, a plaintiff must
satisfy both a subjective and objective inquiry.  See id.
"Deliberate indifference . . . may be shown by the denial of
needed care as punishment and by decisions about medical care
made recklessly with actual knowledge of impending harm, easily
preventable."  Ruiz-Rosa, 485 F.3d at 156 (internal quotation
marks and citation omitted).  To act, or fail to act, with
deliberate indifference, "'the official must both be aware of
facts from which the inference could be drawn that a substantial
risk of serious harm exists, and he must also draw the
inference.'"  Leavitt, 645 F.3d at 497; (quoting Farmer v.
Brennan, 511 U.S. 825, 837 (1994)).  "[S]ubstandard care,
malpractice, negligence, inadvertent failure to provide care,
and disagreement as to the appropriate course of treatment are

6

all insufficient to prove a constitutional violation." <u>Ruiz-Rosa</u>, 485 F.3d at 156 (citing <u>Feeney v. Corr. Med. Servs., Inc.</u>, 464 F.3d 158, 161-63 (1st Cir. 2006)).

For purposes of preliminary review, the court will assume, without deciding, that Marbury has alleged that he suffered from serious medical conditions while he was at the SCHC, at least as to his high blood pressure[3], and severe pain.  The court thus considers whether the assertions in the complaint show that any defendant to this action denied him adequate care for those conditions, and if so, whether the defendant acted with deliberate indifference.

The facts asserted by Marbury, together with the records provided as part of the complaint in this matter, demonstrate that starting at the time of his arrival at the SCHC in August 2011, the SCHC medical department staff were aware of and attendant to his medical conditions and his need for care. Marbury was provided, at a minimum, the following care at the SCHC: medication to treat his high blood pressure, high cholesterol, and pain; several appointments with nurses, a nurse practitioner, and a physician; education concerning the

---

[3]Marbury states that he has congestive heart failure. Nothing in the record demonstrates that he ever sought help for that condition at the SCHC or that anyone at the SCHC was aware of that condition.

importance of taking his medication; a low-salt diet; and regular, and often daily, blood pressure and weight checks.

Marbury asserts generally that he required more care than he was provided, but does not point to any negative consequence of not receiving the care to which he believes he was entitled, except that he continued to experience pain and ringing in his ears while, he alleges, medical attention was delayed.  The complaint and addenda thereto, however, demonstrate that Marbury was seen early in his incarceration at the SCHC concerning his complaints regarding the ringing in his ears and his pain, and that he was offered and refused medical care, including medication to treat his pain, because he wanted treatment other than that offered.

Inmates do not have a right to the medical care of their choice, and no claim arises from the denial of an inmate's preferred course of care.  See Ruiz-Rosa, 485 F.3d at 156; Feeney, 464 F.3d at 161-63.  Further, no facts in the complaint indicate that any medical staff member at the SCHC who was aware of Marbury's conditions, and presumably the potential severity thereof, failed to provide him with treatment, much less that they did so with the intent to cause him harm or pain, or that anyone at the SCHC disregarded any known risk to Marbury's health and safety.  Accordingly, Marbury has failed to state a

constitutional claim for inadequate medical care and the complaint should be dismissed.

## Conclusion

For the foregoing reasons, the complaint should be dismissed in its entirety.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

May 8, 2013

cc:  Raymond G. Marbury, pro se

LBM:jba